11212.   GLANTON v. THE STATE.

PER CURIAM. 1. The charge of the court was full and fair, the evidence authorized the verdict, and for no reason assigned was it error to overrule the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

LUKE, J., dissenting. I do not agree as to the correctness of the charge of the court. Upon the question of uncommunicated threats, I think the court, without request so to do, should have charged the jury that they could consider uncommunicated threats, for the purpose of showing who began the affray, and for the purpose of corroborating evidence of communicated threats. See *Warrick* v. *State*, 125 *Ga.* 133 (3) (53 S. E. 1027), and cit.; *Helms* v. *State*, 136 *Ga.* 799 (72 S. E. 246).

DECIDED JULY 15, 1920.

Indictment for murder — conviction for manslaughter; from Carroll superior court — Judge Terrell. November 25, 1919.

The only exceptions relied on in the brief of counsel for the plaintiff in error relate to the failure to give to the jury certain

instructions as to threats of the person killed. It is alleged that the court erred in not charging (without request) : "You may consider any uncommunicated threats made by the deceased against the defendant, if it is shown that any was made, for the purpose of showing who began the affray, and for the purpose of corroborating evidence of communicated threats, if any be shown, and to show the attitude of the deceased." It is alleged that the court erred in refusing written requests to charge as follows: (1) "In determining whether the deceased, at the time of the killing, manifestly intended or endeavored, by violence or surprise, to commit a felony upon the person of the accused, you may take into consideration any uncommunicated threats made by the deceased against the accused, if any such threats have been shown." (2) "The court charges you that whether the accused, at the time of the killing, acted under the fears of a reasonable man that a felony was about to be committed upon his person by the deceased, and that it was necessary for him to kill the deceased to prevent it, is a question to be determined by the jury; and in determining this question you may take into consideration any threats that the deceased may have made against the life of the accused, if such threats had been communicated to the accused prior to the killing, and provided further that you should find that any such threats had been proven. And in determining this question you may further take into consideration the character of the deceased for violence, provided such character has been proven, and provided further that such character upon the part of the deceased was known to the accused prior to the killing."

The instructions given as to threats (in addition to the language of section 65 of the Penal Code as to provocation by threats) were as follows: "Now, you will observe that while I charged you, upon the law of voluntary manslaughter, that the law declared that provocation, with emphasis upon the word 'provocation,'. by words, threats, menaces, or contemptuous gestures, shall in no case be sufficient to free the person killing from the guilt and crime of murder — while that is true, if the killing was provoked only by threats, or words, or menaces, or contemptuous gestures — if the killing that is unlawful is provoked only by one of those things enumerated, the law says that is murder. However, gentlemen, do not get that confused with the law of

justifiable homicide; for, while words, threats, menaces, or contemptuous gestures are not sufficient provocation to justify a killing, or to reduce it from murder to manslaughter, yet the jury may consider threats, if the evidence shows any words, or menaces, or contemptuous gestures, if the evidence shows any, in passing upon the question as to whether or not the defendant acted under the fears of a reasonable man that his life was in danger, or that a felony was about to be committed on him, and if he did act under such fears, in good faith, and not in a spirit of revenge, words, threats, menaces, or contemptuous gestures may justify the killing; and in passing upon the question of whether or not the defendant acted under the fears of a reasonable man— whether he acted in good faith, or in a spirit of revenge — whether he acted under the fears of a reasonable man that his life was in danger, or that a felony was about to be committed, the jury may consider threats, if the evidence shows any, may consider evidence of the character of the deceased, if the evidence shows it, for violence or turbulence, in passing upon the question of whether or not the accused acted in good faith and under the fears of a reasonable man that his life was in danger, or that a felony was about to be committed upon him; and if he did, the defendant would be guilty of no offense, and should be acquitted."

*Emmett Smith, Smith & Smith,* for plaintiff in error.

*C. E. Roop, solicitor-general,* contra.